THE STATE OF FLORIDA, EX RELATIONE HENRY L. LILIENTHAL, RELATOR, VS. B. Y. HERNDON, RESPONDENT.

1. When the material allegations of an information in the nature of a *quo warranto* show that the relator was elected, and is qualified to hold an office, and they are not denied by the answer of the respondent, and such answer sets up nothing constituting a defence to the information, and a demurrer to such answer is sustained, and no application is made to amend the answer, a judg-

ment of ouster against the respondent should be entered ; and, under the statute of this State, the relator may, on proof of his title, be adjudged to be entitled to hold the office.

2. A subsequent election, held in consequence of a declaration by the canvassers that there had been a tie vote, is not a bar to a recovery of the office by the person elected thereto at a former election.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion.

*William Scott* for Relator.

*J. W. Tucker* for Respondent.

MR. JUSTICE RANEY delivered the opinion of the court:

An election was held in the city of Sanford on the seventh day of February of the present year for the office of Mayor, and at such election the relator and one Geo. H. Fernald were voted for. One ballot for relator was not counted by the Inspectors because it appeared upon its face to have been scratched ; (see State *ex rel.* Lilienthal vs. W. T. Deane, *et al.*, decided at this term), and the result certified by the Inspectors and City Board of Canvassers was that the relator and Fernald had each received one hundred and ninety votes. Another election for Mayor was held on the 26th day of the same month and the respondent was elected without opposition or protest, and having taken the oath is now acting as Mayor. Relator instituted in this court a proceeding by information in the nature of a quo warranto under the statute. Sec. 2, p. 846, McC.'s Digest. The person who voted one of the ballots cast in favor of Fernald at the first election is alleged by the relator not to have resided in Sanford for the period of six months immediately preceding the election, which was necessary to en-

title him to vote.  Sec. 13, pp. 247, 248, Mc.C.'s Digest. This is not denied by the respondent.  The return or answer of the respondent was demurred to and the demurrer sustained, and no leave to amend has been asked.  There is nothing in it which constitutes any defence; of course neither the second election nor the good faith of the Inspectors and Canvassers at the first are a defence; nor could such Inspectors or Canvassers upon any recanvass inquire into the qualification of any voter at such election.  State *ex rel.* vs. State Board of Canvassers, 16 Fla., 17.

From the papers before us we also feel satisfied of the relator's title to the office, and judgment will be entered accordingly.